**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

UNITED STATES OF AMERICA

vs. CR: 06-71-02T

MANUEL ALBERTO NOGUEIRA-RECIO

**MOTION FOR A SEPARATE TRIAL**

Now comes the defendant pursuant to Rule 14 of the Federal Rules of Criminal Procedure and moves that the court enter an order requiring that the defendant be given a separate trial from the co-defendant, Sandy Baez, in this matter. The reason for this request is that as the defendant shall be unduly prejudiced by the joinder of the trial with the co-defendant. In support of this motion defendant incorporates by reference its Memorandum of Law in Support of Motion for Severance.

Respectfully submitted,
Manuel Alberto Nogueira-Recio
By His Attorney,

/s/ George J. West
George J. West, Esq., #3052
One Turks Head Place, Suite 312
Providence, RI 02903-2215
401-861-9042
401-861-0330 fax
Email: GEORGEW180@aol.com

**CERTIFICATE**

I hereby certify that I caused the filing of the above-entitled Motion through the United States District Court for the District of Rhode Island's ECF System be forwarded to Stephanie S. Browne, Esq., A.U.S.A. at stephanie.browne@usdoj.gov on September 6, 2006.

/s/ George J. West

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

UNITED STATES OF AMERICA

vs. CR: 06-71-02T

MANUEL ALBERTO NOGUEIRA-RECIO

**MEMORANDUM IN SUPPORT OF MOTION FOR SEVERANCE**

In this matter defendant, Manuel Alberto Nogueira-Recio, has moved that the court enter an order requiring that he be tried separately from the defendant, Sandy Baez. Defendant made this motion as he shall be unduly prejudiced by trial with Mr. Baez whom the government alleges carried out at least one meeting with a confidential source during which no allegation was made that the defendant was present or had any knowledge thereof. In that meeting, described in the criminal complaint, the government alleges that said defendant Baez told the confidential source that he would furnish the confidential source with 140 grams of heroin at a cost of $65.00 per gram or $9100. Further, the government alleges that Baez further stated that the confidential source could pay him $6,000.00 and could pay the balance of the amount owed for the heroin on a later date. Upon review of the criminal complaint filed in this matter, there is no allegation of defendant, Manuel

Alberto Nogueira-Recio having any involvement of knowledge of the said meeting. To incorporate such information in the case at bar, would unduly prejudice him in the eyes of the jury. Further, Baez is accused with violent behavior of which Mr. Nogueira-Recio had no part. Given injuries alleged to have been sustained, the jury could have difficulty separating the two defendants. Given this fact, together with the matters argued below, the defendant believes the only remedy to this circumstance is a separate trial.

## I. DEFENDANTS SHOULD BE TRIED SEPARATELY

Federal Rule of Criminal Procedure provides:

Relief from Prejudicial Joinder: If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the Court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

Severance for prejudicial joinder under Rule 14 is discretionary. See e.g., United States v. Lutz, 621 F.2d 940 (9th Cir. 1980).

If it appears that a defendant is prejudiced by joinder of defendants in an indictment or by joinder for trial together, the Court may grant a severance or provide whatever other relief justice requires. See , United States v. Escalante, 637 F.2d 1197, 1201 (9th Cir. 1980); United States v. Lutz, 621 F.2d 940 (9th Cir.

1980); United States v. Tousant, 619 F.2d 810 (9th Cir. 1980). The defendant must demonstrate that a joint trial, manifestly prejudicial outweighs the dominant concern with judicial economy and compels the exercise of the court's discretion to sever the defendant. Doe, 655 F.2d at 926.

Manuel Alberto Nogueira-Recio's trial should be severed from that of Sandy Baez for three reasons. First., Manuel Alberto Nogueira-Recio may be denied access to the exculpatory testimony of the co-defendant. Second, the jury is likely to find the defendant guilty by association. Third, there may be Bruton problems with any statements made or to be made by Sandy Baez.

1. The Defendant will be denied access to co-defendant exculpatory testimony.

The co-defendant, Sandy Baez, in this case may offer exculpatory testimony for Manuel Alberto Nogueira-Recio at a separate trial, but will likely assert the Fifth Amendment right to remain silent at a joint trial. Upon filing of an affidavit(s) to this effect, the defendant is entitled to severance of their case from that of the co-defendant's. United States v. Vigil, 561 F.2d 1316 (9th Cir. 1977); United States v. Echeles, 352 F.2d 892 (7th Cir. 1965). The defendant reserves the right to provide the Court with an affidavit which satisfies the requirements of Vigil, and thus supports the granting of a severance.

Even if a co-defendant would not voluntarily testify at a separate trial, the

defendant has a constitutional right to call him or her as a witness. If a co-defendant is called as a witness and refuses to answer questions based on Fifth Amendment privilege, the defendant can seek to compel that testimony by requesting immunity as to statements made in court. At that time, the defendant could seek an order requiring the government to grant use immunity to the co-defendant's testimony under 18 U.S.C. §6003(b)(1). Such use of this statute may be compelled by the Sixth Amendment's guarantee of compulsory process and by the Fifth Amendment's due process considerations of fairness. See United States v. Leonard, 494 F.2d 955, 985 n.79 (D.C. Cir. 1974) (concurring and dissenting opinion of J. Bazelon); see also United States v. Lord, 711 F.2d 887 (9th Cir. 1983); United States v. Westerdahl, 945 F.2d 1083 (9th Cir. 1991).

If statutory immunity is not appropriate, the Court can confer immunity independent of the prosecutor's statutory power because the defendant would be the prevented from presenting exculpatory evidence which is crucial to his case. Government of the Virgin Islands v. Smith, 615 F.2d 964, 969-70 (3d Cir. 1980); see United States v. Alessio, 528 F.2d 1029 (9th Cir. 1976). The defendant's rights to compulsory process and to due process of law entitle her to a separate trial if the co-defendant refuses to testify at a joint trial.

2. The Jury May Find The Defendant Guilty by Association.

It is extraordinarily difficult for a jury to follow admonishing instructions

and to keep separate evidence that is relevant only to co-defendants.

A co-defendant in a conspiracy trial occupies an uneasy seat. There generally will be evidence of wrongdoing by somebody. It is difficult for the individual to make his own case stand on its own merits in the minds of jurors who are ready to believe that birds of a feather are flocked together. Krulewitch v. United States, 336 U.S. 440, 454 (1949). Here, the vast majority of the evidence is against the co-defendant and not the defendant. The spillover effect of this kind of case could make it impossible for Manuel Alberto Nogueira-Recio to receive a fair trial.

3. Potential Bruton problems should be addressed and a severance granted to avoid them.

It is unclear from discovery whether any of the Bruton problems exist. This motion is made in an effort to resolve any such issues pretrial so that the court may grant a severance if necessary. It is requested that the government provide notice of the Sandy Baez's statements it intends to introduce so that Bruton problems can be addressed.

The essence of the Sixth Amendment right to confrontation is the right to cross-examine a witness. Pointer v. Texas, 380 U.S. 400, 404 (1964). Consequently, the admission of a co-defendant's statement incriminating a defendant where the co-defendant is not available for cross examination

constitutes reversible error. Bruton v. United States, 88 S.Ct. 1620 (1967). In Bruton two co-defendants were tried jointly for armed postal robbery. A postal inspector testified that one of the co-defendants had confessed that he and the defendant had committed the crime. The Supreme Court found that the admission of such hearsay struck at the very heart of the confrontation clause. Furthermore, the Court held that an instruction to disregard such prejudicial testimony as to one but not both of the co-defendants cannot insure that the defendant will receive a fair trial. Id. 88 S.Ct. at 1623-1626.

More recently in Cruz v. New York, 107 S.Ct. 1714 (1987), the Supreme Court reaffirmed the holding of Bruton and overruled the limiting plurality holding in Parker v. Randolph, 99 S.Ct. 2132 (1979). In so doing, the Court indicated its resolve to continue to uphold Bruton and its commitment to the principle that:

> [w]here two or more defendants are tried jointly, therefore, the pre-trial confession of one of them that implicates the others is not admissible against the others unless the confessing defendant waives his Fifth Amendment rights so as to permit cross-examination. Cruz v. New York, 107 S.Ct. at 1717.

Here the government has stated that the co-defendant may enter a guilty plea. At the date for pretrial motions that has yet to occur. In United States v. Sherlock, 865 F.2d 1069 (9th Cir. 1989), the court reversed a conviction holding that the district court abused its discretion in failing to grant a severance motion.

Specifically, the court found that the admission of a non-testifying co-defendant's statement constituted reversible error. In Sherlock both defendants were accused of raping two women. In reviewing all the testimony, the court found that the defendant's admission of the statement prejudiced Sherlock insofar as it incriminated Sherlock and it was the only evidence corroborating the victim's statement. The Court also noted that there were several inconsistencies in the testimony of government witnesses. Under these circumstances, the court reversed relying upon Bruton even though the defendant's admission of the co-defendant did not explicitly implicate Sherlock. Again, in Toolate v. Borg, 828 F.2d 571 (9th Cir. 1987), the court found that the district court committed error by allowing a co-defendant, who refused to be cross-examined, to inculpate the defendant. The court found no substantial difference between the in-court confession of a testifying co-defendant who refused to be cross-examined and an out-of-court statement by a non-testifying co-defendant. Id. 828 F.2d at 574 (holding, however, that the error was harmless).

## CONCLUSION

Joinder of the defendants' cases will likely deprive Manuel Alberto Nogueira-Recio access to the Sandy Baez's exculpatory statements. Further, because the bulk of the information concerns Sandy Baez trying Manuel Alberto

Nogueira-Recio, the jury could find Manuel Alberto Nogueira-Recio guilty by association. Finally, Sandy Baez's statements could pose Bruton problems.

It is therefore respectfully requested that Manuel Alberto Nogueira-Recio's case be severed from the Sandy Baez's for all further proceedings

Respectfully submitted,
Manuel Alberto Nogueira-Recio
By His Attorney,

/s/ George J. West

George J. West, Esq., #3052
One Turks Head Place, Suite 312
Providence, RI 02903-2215
401-861-9042
401-861-0330
Email: GEORGEW180@aol.com

**CERTIFICATE**

I hereby certify that I caused the filing of the above-entitled Memorandum in Support of Severance through the United States District Court for the District of Rhode Island's ECF System be forwarded to Stephanie S. Browne, Esq., A.U.S.A. at

/s/ George J. West