**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

UNITED STATES OF AMERICA

vs. CR: 06-71-02T

MANUEL ALBERTO NOGUEIRA-RECIO

# MOTION TO OBTAIN GRAND JURY RECORDS

Manuel Alberto Nogueira-Recio, through his counsel, moves to discover the ministerial records of the grand jury that returned the indictment. This motion is made pursuant to Rules 12(b) and 16 of the Federal Rules of Criminal Procedure and the common law right of public access to ministerial grand jury records. Defendant particularizes and supports this motion and the attached Memorandum of Law in support of Motion for Grand Jury Records.

Respectfully submitted,
Manuel Alberto Nogueira-Recio
By His Attorney,

/s/ George J. West
George J. West, Esq., #3052
One Turks Head Place, Suite 312
Providence, RI 02903-2215
401-861-9042
401-861-0330 fax
Email: GEORGEW180@aol.com

**CERTIFICATE**

I hereby certify that I caused the filing of the above-entitled Motion through the United States District Court for the District of Rhode Island's ECF System be forwarded to Stephanie S. Browne, Esq., A.U.S.A. at stephanie.browne@usdoj.gov on September 6, 2006.

/s/ George J. West

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

UNITED STATES OF AMERICA

vs. CR: 06-71-02T

MANUEL ALBERTO NOGUEIRA-RECIO

**MEMORANDUM IN SUPPORT OF**
**MOTION TO OBTAIN GRAND JURY RECORDS**

Manuel Alberto Nogueira-Recio, through his counsel, has moved to discover the ministerial records of the grand jury that returned the indictment and superseding indictment in his case. This motion was made pursuant to Rules 12(b) and 16 of the Federal Rules of Criminal Procedure and the common law right of public access to ministerial grand jury records. In re Special Grand Jury (For Anchorage,. Alaska),674 F.2d 778, 780-81 (9th Cir. 1982). Specifically, the defendant seeks the following:

(1) Any order reflecting the beginning or extension of the term of that grand jury;
(2) Roll sheets reflecting attendance records of the jurors and any substitutions;
(3) Records setting forth the method by which the grand jury was impaneled;
(4) Voting records related to any decision to extend the life of the grand jury;
(5) All records of disclosure of names of persons receiving information about matters occurring before the grand jury (as defined in Rule 6(e));

(6) A list of all persons to whom grand jury materials were disclosed, the dates of such disclosure, letters or warnings given to any persons regarding disclosure, and any petition for disclosure or notification of disclosure given to the court concerning such disclosure;

(7) A copy of all grand jury subpoenas for documents or testimony issued in this case, as well as the dates materials obtained from these subpoenas were returned to the grand jury and a list of all exhibits or documentary evidence presented to the grand jury.

## THE PUBLIC, INCLUDING A CHARGED DEFENDANT, HAS THE RIGHT OF ACCESS TO GRAND JURY MINISTERIAL RECORDS

As to the request for grand jury records where defendant sets forth a "particularized need" such records ought to be available to defendant in discovery. Pittsburgh Plate Glass Co. v. United States, 1959, 360 U.S. 395, 79 S. Ct. 1237, 3 L. Ed. 2d 1323. Dennis v. United States, 1966, 384 U.S. 855, 86 S. Ct. 1840, 16 L. Ed. 2d 973. Walsh v. United States, 371 F.2d 436, 437 (1st Cir. 1967). Here the defendant's need is palable. The government has engaged a confidential source of whom the government has not supplied any information save his physical appearance as seen on videotape along with conversations in Spanish recorded thereon. The defendant ought to be entitled to examine in advance of trial any and all information provided to the grand jury about this witness. Secondly defendant is in need of all information supplied to the grand jury relative to a meeting which allegedly occurred between the co-defendant Sandy Baez and the confidential source on May 9, 2006 in preparation for his trial. Defendant has been provided only a paragraph in the criminal complaint describing this meeting.

The Court in In re Special Grand Jury (For Anchorage, Alaska),674 F.2d 778 (9th Cir. 1982), held that targets who were not indicted enjoyed a "common law right to pubic access" to the ministerial grand jury records. If third parties enjoy access to ministerial grand jury records, then an indicted defendant certainly must enjoy at least the same amount of access to such records.

The court in In re Special Grand Jury, has defined "ministerial" to encompass records that "generally relate to the procedural aspects of the impaneling and operating of the Special grand Jury, as opposed to records which relate to the substance of the Special Grand Jury's investigation." Id. at 779-781 and n. 1. The court acknowledged a right of public access to such ministerial records, noting that access should not be denied absent specific and substantial reasons for a refusal. Id. at 780-81. Accordingly, the burden of demonstrating such specific and substantial reasons justifying a denial of the request falls on the government, as the party opposing access.

The common law right of access to court records is of course tempered with "the long-standing rule of secrecy of the grand jury and by the well-recognized policies behind the rule." In re Special Grand Jury (For Anchorage, Alaska), 674 F.2d at 781. Nonetheless, the court has stated:

> [W]e perceive no reason, nor has the government offered any, why the public should not have access to the kind of records sought here. The importance of public access to judicial records and documents cannot be belittled. We, therefore, hold that, as

> members of the public, the appellants have a right, subject to the rule of grand jury secrecy, of access to the ministerial records in the files of the district court having jurisdiction of the grand jury. Absent specific and substantial reasons for a refusal, such access should not be denied. Id. at 781.

Federal Rule of Criminal Procedure 6 does not abrogate this common law right to public access to ministerial grand jury records. Rather, Rule 6 explicitly limits the rule of secrecy to "matters occurring before the grand jury," and it expressly forbids imposing an obligation of secrecy on any person except as stated in the rule. Fed. R. Crim. P. 6(e)(2). In In re Grand Jury Investigation (DiLoreto), 630 F.2d 996 (3d. Cir. 1980), cert. denied, 449 U.S. 1081 (1981), The Third Circuit analyzed the bounds of Rule 6(e) disclosure, explained the policy considerations governing grand jury secrecy, and concluded that the "policy of secrecy is not absolute." Id. at 1000. The court noted that grand jury secrecy "is designed to protect from disclosure only the essence of what takes place in the grand jury room, in order to preserve the freedom and integrity of the deliberative process." Id. (citing United States v. Proctor & Gamble, 78 S.Ct. 983 (1958)). In addition, "[t]he mere fact a particular document is reviewed by a grand jury does not convert it into a `matter occurring before the grand jury' within the meaning of 6(e)." Id.

None of the requested records fall within the secrecy provisions of Rule 6(e) of the Federal Rules of Criminal Procedure.

THE REQUESTED MATERIAL IS NOT THE PROPERTY
OR WORK PRODUCT OF THE EXECUTIVE BRANCH

The federal grand jury "has not been textually assigned" to any of the three branches of federal government. Williams, 504 U.S. at 47. The institution is not mentioned in the body of the Constitution, but in the Bill of Rights. Id.; U.S. Const. amend. V. It is thus a "constitutional fixture in its own right"; it is not an arm of the district court. Williams, 504 U.S. at 47 (internal quotation marks omitted) (quoting United States v. Chanen, 549 F.2d 1306, 1312 (9th Cir. 1977)). Indeed, "the whole theory of its function is that it belongs to no branch of the institutional Government." Id. Thus, the grand jury remains functionally and constitutionally "at arm's length" from the judicial [**28] branch. Id.; see also Stern v. U.S. Dist. Court for the Dist. of Mass., 214 F.3d 4, 15 (1st Cir. 2000). The grand jury does not operate completely without judicial oversight. In re United States, 441 F.3d 44, 57 (1st Cir. 2006)

The inherent supervisory authority over grand juries of a court is well recognized. See McNabb v. United States, 318 U.S. 332, 340-41, 346-47, [*58] 63 S. Ct. 608, 87 L. Ed. 819 (1943). "In the exercise of supervisory powers, federal courts may, within limits, formulate procedural rules not specifically required by the Constitution or the Congress." United States v. Hasting, 461 U.S. 499, 505, 103 S. Ct. 1974, 76 L. Ed. 2d 96 (1983) [**29] (emphasis added). In re United States,

441 F.3d 44, 57-58 (1st Cir. 2006) In re Grand Jury Investigation, 903 F.2d 180, 184 (3d Cir. 1990) (citing In re Grand Jury, 821 F.2d 946, 952 (3d. Cir. 1987), cert. denied sub nom. Colafella v. United States, 108 S.Ct. 749 (1988)). In grand jury matters, the government receives and maintains material "as custodian for the grand jury." See United States v. Dynavac, 6 F.3d 1407, 1409-10 (9th Cir. 1993). If the United States Attorney were to claim an independent right to possess grand jury subpoenaed material, that claim alone is reason to inquire into the government's handling of all grand jury material.

Under Rule 6, the court orders the grand jury to be summoned; the court administers the oath; the court appoints the foreperson; the court determines when disclosure is permitted; and the grand jury returns all indictments to the court. Within the rules this court enjoys control over all ministerial jury documents.

WHEREFORE, defendant prays that his motion will be granted.

Respectfully submitted,
Manuel Alberto Nogueira-Recio
By his attorney,

/s/ George J. West
George J. West, Esq. #3052
One Turks Head Place, Suite 312
Providence, RI 02903
(401) 861-9042
(401) 861-0330 Fax
Email: GEORGEW180@aol.com

**CERTIFICATE**

I hereby certify that I caused the filing of the above-entitled Memorandum in Support of Motion to Obtain Grand Jury Records through the United States District Court for the District of Rhode Island's ECF System be forwarded to Stephanie S. Browne, Esq., A.U.S.A. at stephanie.browne@usdoj.gov on September 6, 2006.

/s/ George J. West