**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

UNITED STATES OF AMERICA

vs. CR: 06-71-02T

MANUEL ALBERTO NOGUEIRA-RECIO

**MOTION FOR DISCLOSURE OF IDENTITY OF INFORMANT AND FOR PRODUCTION OF EXCULPATORY EVIDENCE**

Now comes the defendant, Manuel Alberto Nogueira-Recio, and moves that the court will enter an order that the government disclose the identity of the confidential source/informant referenced in the criminal complaint as on May 10, 2006 having met with the co-defendant, Sandy Baez in this matter as well as the defendant, Nogueira-Recio, the allegedly received a tube shaped object wrapped in blue tape from defendant, Nogueira-Recio. Together with production of all exculpatory evidence relative to said confidential source/informant. Defendant submits his Memorandum of Law and incorporates the same herein by reference.

Respectfully submitted,
Manuel Alberto Nogueira-Recio
By His Attorney,

/s/ George J. West
George J. West, Esq., #3052
One Turks Head Place, Suite 312

Providence, RI 02903-2215
401-861-9042
401-861-0330 fax
Email: GEORGEW180@aol.com

**CERTIFICATE**

I hereby certify that I caused the filing of the above-entitled Motion through the United States District Court for the District of Rhode Island's ECF System be forwarded to Stephanie S. Browne, Esq., A.U.S.A. at stephanie.browne@usdoj.gov on September 6, 2006.

/s/ George J. West

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

UNITED STATES OF AMERICA

vs. CR: 06-71-02T

MANUEL ALBERTO NOGUEIRA-RECIO

**MEMORANDUM IN SUPPORT OF MOTION FOR DISCLOSURE OF IDENTIFY OF CONFIDENTIAL SOURCE/INFORMANT AND FOR PRODUCTION OF EXCULPATORY EVIDENCE**

In violation of 18 U.S.C. § 841, Mr. Nogueira-Recio faces a potential mandatory minimum penalty of five years in prison.

The indictment is based on an alleged controlled delivery of heroin to an informant ("confidential source") employed by the DEA on May 10, 2006. The informant was the exclusive contact with Mr. Nogueira-Recio on May 10, 2006 other than the presence of a co-defendant. The confidential source or informant is undisputedly a percipient witness to the events that have led to the charge against Mr. Nogueira-Recio.

A criminal defendant is entitled to know the identity of an informant if the informant was a percipient witness to or directly participated in the criminal transaction. Roviaro v. United States, 353 U.S. 53, 62 (1957). The so-called

informer's privilege "must give way if 'the government's informer was the sole participant, other than the accused, in the transaction charged…[and] was the only witness in a position to amplify or contradict the testimony of government witnesses.'" United States v. Bibbey, 735 F.2d 619, 621 (1st Cir. 1984) (quoting Roviaro, 353 U.S. at 64).

The standard pre-trial order entered in this matter specifically compels disclosure of all material or information within the meaning of Giglio v. United States, 405 U.S. 150 (1972) (promises of consideration to an informant must be disclosed to defendant), as well as any information which tends to negate the guilt of the accused. See Brady v. Maryland, 373 U.S. 83 (1963), Giles v. Maryland, 386 U.S. 66 (1967).

The United States has acknowledged in its response to Mr. Nogueira-Recio's discovery request that it is "aware" of its obligations under Brady and its continuing duty to provide exculpatory evidence in this case. Despite this act, the government has, as of this date, declined to provide any information regarding the informant, including information about his identity, criminal history, or promises, rewards or inducements.

The entire transaction complained of in the indictment was orchestrated and arranged by the government. The use of confidential sources/informants by policy agents, especially in sting operations, is perhaps the most disappointing and

distasteful circumstance. Federal and local police officers, in their zeal to obtain arrests, basically with the help of willing admitted criminals, designed to lead to criminal activities.

As judge Stephen Trott, a career prosecutor, once observed:

> By definition, criminal informants are cut from untrustworthy cloth and must be managed and carefully watched by the government and the courts to prevent them from falsely accusing the innocent, from manufacturing evidence against those under suspicion of crime, and from lying under oath in the courtroom…Because the government decides whether and when to use such witnesses, and what if anything, to give them for their service, the government stands uniquely positioned to guard against perfidy…Accordingly, we expect prosecutors and investigators to take all reasonable measures to safeguard the system against treachery. This responsibility includes the duty as required by <u>Giglio</u> to turn over to the defense in discovery <u>all</u> material information casting a shadow on a government witness' credibility.

<u>United States v. Bernal-Obeso</u>, 989 F.2d 331, 333-34 (9th Cir. 1993) (emphasis added).

In this case, it appears that the activities of the informant will pay a significant role at trial. It is essential to a fair and just trial process that the United States provide any information that tends to call the informant's credibility into question, and to do so in a timely manner so that the defendant may properly investigate, evaluate the strength of the government's case, and prepare for trial.

Accordingly, the defendant asks that this motion be granted, and that the government provide all information sought in this motion, including but not

limited to the following:

1. Any evidence of the informant's usage of or dependency on alcohol or narcotic drugs.

2. Copies of handwritten or other contemporary notes that serve as the basis for any and all drafts of reports reflecting the interview of any confidential informant interviewed in the prosecution of this case.

3. All written or oral promises, reward, or inducements provided by the government to the individuals identified in the discovery to date "Confidential Informant or Source".

4. A copy from original of the application and authorization to initiate the investigation directed against the defendant, utilizing confidential informant.

5. A copy from the original of any application of authorization purporting to grant the confidential informant permission to engage in criminal activity.

6. A copy from the original any written document closing or terminating the party's status as a Confidential Informant.

7. A copy from the original of any and all suitability reports and/or recommendation for the confidential informant utilized here.

8. A copy from the original of any application for authorization to permit the confidential informant to engage in any level of criminal activity.

9. A copy from the original of the Informant Performance Record for the agent directly responsible for the informant supervision.

10. Any document reflecting the confidential informant registration with the DRUG ENDORCEMENT AGENCY, or any law enforcement agency acting thereunder.

11. A copy from the original of any written approval authorizing the use of the confidential informant executed by the CONFIDENTIAL INFORMANT REVIEW COMMITTEE of the DEPARTMENT OF JUSTICE.

12. A copy of each DEA FROM 7 evidencing the acquisition of any recording of the defendant, Manuel Alberto Nogueira-Recio, and any individual acting as a CONFIDENTIAL INFORMANT.

Because production of this information is essential a full and fair evaluation of this evidence, defendant asks this court to instruct the government to provide the requested information no later than 10 days from the date of the court's order.

Respectfully submitted,

Manuel Alberto Nogueira-Recio
By His Attorney,

/s/ George J. West
George J. West, Esq., #3052
One Turks Head Place, Suite 312
Providence, RI 02903-2215
401-861-9042
401-861-0330 fax
Email: GEORGEW180@aol.com

**CERTIFICATE**

I hereby certify that I caused the filing of the above-entitled Memorandum through the United States District Court for the District of Rhode Island's ECF System be forwarded to Stephanie S. Browne, Esq., A.U.S.A. at stephanie.brown@usdoj.gov on September 6, 2006.

/s/ George J. West