**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

UNITED STATES OF AMERICA

vs. CR: 06-71-02T

MANUEL ALBERTO NOGUEIRA-RECIO

**MOTION FOR A BILL OF PARTICULARS**

COMES NOW, Manuel Alberto Nogueira-Recio], and respectfully moves this court to direct the filing of Bill of Particulars.

Manuel Alberto Nogueira-Recio is unable to ascertain from the face of the indictment the nature of the conspiracy case against him because of the lack of specificity and thus to prepare his defense. Mr. Nogueira-Recio moves that the prosecution be ordered to state the following:

A. CONSPIRACY COUNT TWO

(1) The exact language, word, or words allegedly used by the defendants which allegedly indicated, or tended to indicate, that they willfully and knowingly agreed to commit the crimes charged in the indictment;

(2) The dates upon which defendant allegedly committed the charged offense;

(3) The places (cities, states, street addresses, apartment numbers) where the defendant allegedly committed the crimes charged;

(4) The names and addresses of person or persons present or listening when the defendants allegedly committed the crimes charged;

(5) With regard to the allegation of the conspiracy, the following:

(a) What other acts the conspirators committed;

(b) Which conspirators participated in each such act;

(c) What the purpose of the act was;

(d) Where the act was committed;

(e) The date the act was committed;

(f) The names and addresses of witnesses present when the act was committed;

(6) The nature of act, and the date, time, and place of said act, by which [defendant] first manifested that he was part of the alleged conspiracy. In other words, what is the first act [defendant] is accused of committing in furtherance of the alleged conspiracy?;

(7) The time, date, and place of the last act [defendant] is charged with having committed in furtherance of the conspiracy;

(8) Whether the government is charging [defendant] with aiding and betting in the commission of a crime;

(9) The names of un-indicted, but identified, co-conspirators of [defendant], including those whose names may have become known since the return of the indictment, or the names of those other persons whom the government deleted or omitted from the indictment;

Comes now Manuel Alberto Nogueira-Recio and submits this motion for a Bill of Particulars under Rule 7 (f) of the Federal Rules of Criminal Procedure. This motion is based upon the attached Memorandum in Support of Motion for a Bill of Particulars.

Respectfully submitted,
Manuel Alberto Nogueira-Recio
By His Attorney,

s/s George J. West
George J. West, Esq., #3052
One Turks Head Place, Suite 312
Providence, RI 02903-2215
401-861-9042
401-861-0330 fax
Email: GEORGEW180@aol.com

**CERTIFICATE**

I hereby certify that I caused the filing of the above-entitled Motion through the United States District Court for the District of Rhode Island's ECF System be forwarded to Stephanie S. Browne, Esq., A.U.S.A. at stephanie.brown@usdoj.gov on September 6, 2006.

s/s George J. West

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

UNITED STATES OF AMERICA

vs. CR: 06-71-02T

MANUEL ALBERTO NOGUEIRA-RECIO

**MEMORANDUM IN SUPPORT**

**OF MOTION FOR A**
**BILL OF PARTICULARS**

The indictment charges Manuel Alberto Nogueira-Recio with conspiracy acts but does not specify what particular acts were allegedly made by him in connection with the conspiracy or who committed the acts. The motion for a bill of particulars is addressed to this issue. Mr. Nogueira-Recio seeks a bill of particulars that specifically answers these questions relative to the conspiracy alleged.

Rule 7(f) of the Federal Rules of Criminal Procedure provides that the Court may direct the filing of a Bill of Particulars upon motion made by Manuel Alberto Nogueira-Recio. The purpose of a bill of particulars is to provide the accused with

detail of the charges against him where necessary to enable him to prepare his defense, to avoid surprise at trial, and to protect against double jeopardy. United States v. Leach, 427 F.2d 1107, 1110 (1st Cir.), cert. denied, 400 U.S. 829, 91 S. Ct. 95, 27 L. Ed. 2d 59 (1970); United States v. Roya, 574 F.2d 386, 391 (7th Cir.), cert. denied, 439 U.S. 857, 58 L. Ed. 2d 165, 99 S. Ct. 172 (1978); [**16] United States v. Addonizio, 451 F.2d 49, 64 (3rd Cir. 1971), cert. denied, 405 U.S. 936, 30 L. Ed. 2d 812, 92 S. Ct. 949 (1972). The decision to grant or to deny a defendant's motion for a bill of particulars is entrusted to the sound discretion of the district court. Will v. United States, 389 U.S. 90, 98-99, 19 L. Ed. 2d 305, 88 S. Ct. 269 (1967); Wong Tai v. United States, 273 U.S. 77, 82, 71 L. Ed. 545, 47 S. Ct. 300 (1927); United States v. Tarvers, 833 F.2d 1068, 1076 (1st Cir. 1987); Leach, 427 F.2d at 1110. The 1966 amendment to Rule 7(f) of the Federal Rules of Criminal Procedure, intended to liberalize discovery by eliminating the requirement that cause be shown before a court may grant a bill of particulars, did not take away a district court's discretion in deciding such motions. Leach, 427 F.2d at 1110; Addonizio, 451 F.2d at 64; Fed.R.Crim.P. 7(f) advisory committee's note. United States v. Paiva, 892 F.2d 148, 154 (1st Cir. 1989)

A Bill of Particulars should be ordered where it will avoid or minimize surprise at trial and permit the preparation of an adequate defense. United States v. Dicesare, 765 F.2d 890, 897 (9th Cir. 1985) ("Bill of Particulars is appropriate

when the indictment is insufficient to permit the preparation of an adequate defense"). Among the functions a Bill of Particulars serves is "to enable [a defendant] to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague and indefinite for such purpose." United States v. Giese, 597 F.2d 1170 (9th Cir. 1979).

Whether to grant a Bill of Particulars is a matter within the sound discretion of the trial court. United States v. Chavez, 845 F.2d at 220. The test in ruling on such a motion is whether deprivation of the information sought will render the defendant unable to adequately prepare a defense, avoid surprise, or avoid later risking double jeopardy. United States v. Chavez, 845 F.2d at 220; United States v. Addonizio, 451 F.2d 49; 63-64 (3d Cir. 1971), 405 U.S. 936.

A defendant should not be deprived of information to prepare a defense simply because the information sought might be used by the government as evidence. United States v. Crisona, 416 F.2d 107 (S.D.N.Y. 1967), 397 U.S. 961. Moreover, a motion for a Bill of Particulars cannot be denied on the theory that a defendant "knows" what he "did." Such a ruling stands on the presumption of innocense on its head by assuming that the defendant knew what his own "guilty" acts were.

Because a Bill of Particulars is founded on the Sixth Amendment right to defend, doubt must be resolved in favor of disclosure. Otherwise, prejudice would

result. Prejudice in this context is defined in terms of the impairment of the defendant to intelligently and effectively mount a defense. See, e.g., United States v. Valenzuela-Bernal, 102 S.Ct. 3440 (1982). When a charging document lacks sufficient particularity to allow a defendant to prepare a defense, the defendant's ability to confront adverse witnesses and to use compulsory process is seriously inhibited. His right to due process thus is clearly implicated.

Respectfully submitted,
Manuel Alberto Nogueira-Recio
By His Attorney,

/s/ George J. West
George J. West, Esq., #3052
One Turks Head Place, Suite 312
Providence, RI 02903-2215
401-861-9042
401-861-0330 fax
Email: GEORGEW180@aol.com

## CERTIFICATE

I hereby certify that I caused the filing of the above-entitled Memorandum through the United States District Court for the District of Rhode Island's ECF System be forwarded to Stephanie S. Browne, Esq., A.U.S.A. at stephanie.brown@usdoj.gov on September 6, 2006.

/s/ George J. West